**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

VERNADINE MABRY

Plaintiff,

v.

FLEETWOOD ENTERPRISES, INC., ET AL.

Defendants.

CIVIL ACTION NO.:

JUDGE:

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, defendants Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company ("AISLIC") and Starr Excess Liability Insurance Company, Ltd. ("Starr") files this notice of removal of the suit captioned *Vernadine Mabry v. Fleetwood Enterprises, Inc., Fluor Corporation and Maytag Corporation d/b/a/ Magic Chef*, No. 07-48, Div. E-7, in the Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court, Eastern District of Louisiana.[1] In support of this removal, Starr avers the following facts supporting removal jurisdiction in this court:

**A. SUMMARY OF GROUNDS FOR REMOVAL**

1. This removal encompasses one of three consolidated lawsuits presently pending in the Civil District Court for the Parish of Orleans and consolidated under the caption *Jean Joseph, Mijah Joseph, and Ronald Ash v. Fluor Corporation, Fleetwood Enterprises, Inc., and Maytag Corporation d/b/a/ Magic Chef*, No. 06-14136, Div. 10-C:

---

[1] The insurer defendants herein have previously been referred to "American Home." The proper party defendant is AISLIC. AISLIC changed its name to Chartis Specialty Insurance Company in November, 2009.

      a.    *Jean Joseph, Mijah Joseph, and Ronald Ash v. Fluor Corporation, Fleetwood Enterprises, Inc., and Maytag Corporation d/b/a/ Magic Chef*, No. 06-14136, Div. 10-C.

      b.    *Vernadine Mabry v. Fleetwood Enterprises, Inc., Fluor Corporation and Maytag Corporation d/b/a/ Magic Chef*, No. 07-48, Div. E-7.

      c.    *Bernard Mabry, III, Tiffany Larkin and Tallison Larkin, individually and on behalf of their father Bernard Mabry, II v. Fluor Corporation, Fleetwood Enterprises, Inc. and Maytag Corporation d/b/a Magic Chef,* No. 07-553, Div. G-11.

Starr seeks removal only of the *Vernadine Mabry* suit, Docket No. 07-48. All claims against all defendants in the *Bernard Mabry, III* suit, Docket No. 07-553, are settled and are no longer pending in state court.

2.    The consolidated cases arise from a single event, namely a trailer flash fire which occurred in New Orleans on August 25, 2006. Trial, set to commence on March 8, 2010, has been continued.

3.    Jean Joseph, Mijah Joseph, Ronald Ash and Bernard Mabry, III are domiciliaries of Louisiana. Vernadine Mabry is domiciled in Georgia.

4.    On Monday, March 8, 2010, the date that trial was set to commence in the *Jean Joseph* consolidated suit, No. 06-14136, plaintiffs stipulated in court and on the record that they have settled their claims with MMR Constructors, Inc. and Keith McLin -- the only two local, non-diverse defendants that remained, leaving for trial only their claims against American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company ("AISLIC") and Starr, as the foreign insurers of Fleetwood Enterprises, Inc., a foreign corporation that filed for bankruptcy protection on March 10, 2009. A copy of transcript, including the statements s of counsel for Ms Mabry is attached hereto as "Exhibit A."

5. Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company (AISLIC) is an Illinois company with its principal place of business in New York. Starr Excess Liability Insurance Company, Ltd. is incorporated in Delaware with its principal place of business in New York.

6. Following the release of the other defendants, and particularly MMR Constructors, Inc. and Keith McLin, complete diversity exists among the remaining parties. The amount of the claims of Vernadine Mabry, whose husband Bernard Mabry Jr. died as a result of injuries he sustained in the flash fire on August 25, 2006, exceeds $75,000.

7. AISLIC and Starr were first added to this consolidated suit in the Joseph plaintiffs' Fourth Supplemental and Amending Petition for Damages, filed on March 18, 2009. Service of Mrs. Joseph's petition was effected on Starr on April 27, 2009 and on AISLIC on May 7, 2009. Vernadine Mabry filed a Second Supplemental and Amending Petition which named Starr but not AISLIC on September 4, 2009. (See Second Supplemental and Amending Petition attached as "Exhibit B"). Service of Vernadine Mabry's petition was effected on Starr on December 5, 2009. MMR and Keith McLin were the only local, non-diverse defendants named in either case. This removal of the *Vernadine Mabry* suit is therefore timely under 28 U.S.C. §1446(b) because it is brought within one year of the commencement of the earliest suit against AISLIC and Starr, in the Jean *Joseph* action, namely April 27, 2009, and well within one year of the commencement of the suit against Starr in the *Vernadine Mabry* action, filed on September 4, 2009, and (2) it is brought within 30 days of becoming aware that the case became removable on March 8, 2010 when plaintiff's counsel stipulated in state court that Mrs. Mabry had settled with MMR and McLin.

8. On Monday, March 8, 2010, plaintiff's counsel and counsel for Fluor, MMR, & McLin stipulated in state court on the record that Vernadine Mabry had settled her claims against Fluor Enterprises, MMR Constructors, Inc., and Keith McLin and was dismissing all claims against those parties, reserving only her claims that remain against Starr as the excess insurer of Fleetwood. A copy of the transcript of the stipulation in state court on March 8, 2010 is attached as an exhibit to this Notice of Removal. The pertinent stipulation is found on page seven:

Mr. Kerrigan:

> Judge, all I'd like to do is hear from Mr. Fields and Mr. Hooks [plaintiff's counsel] that Vernadine Mabry's case against MMR – excuse me – against Fluor and Mr. McLin has been dismissed with prejudice.

Mr. Fields:

> Judge, I've already – I put it on the record. Cleo Fields, Your Honor, on behalf of Vernadine Mabry. Vernadine Mabry has settled all pending claims against them and MMR and Fluor Corporation.

Mr. Saporito:

> And Mr. McLin?

Mr. Fields:

> And Mr. McLin.

This removal is timely because it is brought within thirty days of notice to Starr of the settlement of the non-diverse parties under 28 U.S.C. §1446(b).

9. Trial of the consolidated actions originally set to commence on March 8, 2010 have been continued to July, 2010. Accordingly, Starr seeks to exercise its right to remove this case under the removal statutes and the U.S. Fifth Circuit's interpretation thereof.

**B. RELEVANT PROCEDURAL HISTORY**

10. Bernard Mabry, Jr. and Jean Joseph were injured in a trailer flash fire on August 25, 2006.

11. On or about December 28, 2006, Jean Joseph, individually and on behalf of Mijah Joseph and Ronald Ash (collectively, the "Joseph Plaintiffs"), initiated a FIRST lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana (the "Joseph Plaintiffs' Action"), Case No. 06-14136, against Fluor Corporation (together with Fluor Enterprises, Inc., "Fluor"), Maytag Corporation d/b/a Magic Chef ("Maytag"), and Fleetwood Enterprises, Inc. ("FEI") for damages arising out of an flash fire of a trailer that occurred on or about August 25, 2006. All claims against all defendants, except AISLIC and Starr, as the excess insurer of Fleetwood, have been settled.

12. According to the operative complaint filed by the Joseph Plaintiffs, Jean Joseph was provided a "relief trailer" by the Federal Emergency Management Agency ("FEMA"), which had been allegedly manufactured by FEI. The trailer "came equipped with a gas stove manufactured by [Maytag]." According to the Joseph Plaintiffs, Ms. Joseph obtained the trailer through Fluor and a representative from Fluor allegedly demonstrated how to use the appliances contained within the trailer, including the gas stove. The representative from Fluor allegedly told Ms. Joseph, among other things, that there was "an alarm which would activate if there was gas in the trailer." The Joseph Plaintiffs allege in their complaint that thirty minutes after the Fluor representative left, Ms. Joseph and Mr. Bernard Mabry, Jr., "entered the trailer and noticed the smell of gas", but "[t]here was no alarm sounding." According to the Joseph Plaintiffs, Mr. Mabry "went toward the stove and an explosion occurred." Mr. Mabry ultimately died from the injuries sustained in this flash fire.

13. On or about January 4, 2007, Vernadine Mabry, Bernard Mabry, Jr.'s wife, initiated a SECOND lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana (the "V. Mabry Lawsuit"), Case No. 07-48, against Fluor, FEI, and Maytag for damages arising out of the same flash fire as alleged in the Joseph Plaintiffs' Action. All claims against all defendants, except the claims against Starr, as the excess insurer of Fleetwood have been settled. As alleged above, plaintiff stipulated in open court on March 8, 2010 that she has settled her claims against MMR and McLin, the only local defendants that had remained in the case.

14. On or about January 19, 2007, Bernard Mabry, III, Tiffany Larkin, and Tallison Larkin, Bernard Mabry, Jr.'s alleged surviving children, initiated a THIRD lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana (the "B. Mabry Lawsuit" and, together with the V. Mabry Lawsuit, the "Mabry Actions"), Case No. 07-553, against Fluor, FEI, and Maytag for damages arising out of the same flash fire as alleged in the Joseph Plaintiffs' Action. All claims against all defendants in this case have been settled.

15. All three actions had been removed to the Eastern District in early 2007 and consolidated for trial, but when plaintiffs were given leave to add MMR and McLin as defendants, their addition as defendants destroyed diversity jurisdiction and the cases were remanded to state court on or about June 20, 2007.

16. On or about November 16, 2007, the Civil District Court for the Parish of Orleans, State of Louisiana, consolidated the Mabry Actions and the Joseph Plaintiffs' Action (the "Joseph Action") under Case No. 06-14136.

17. On March 10, 2009, Fleetwood declared bankruptcy and provided notice to the court thereof. As of July 23, 2009 Fleetwood had been dismissed from the consolidated cases.

18. AISLIC and Starr provided excess insurance to Fleetwooed as provided in their respective policies. As alleged above, Vernadine Mabry added Starr as a defendant under Louisiana's "Direct Action Statute," in her Second Supplemental and Amending Petition, filed on September 4, 2009, and served on December 5, 2009.

**C. PLAINTIFFS HAVE SETTLED WITH NON-DIVERSE DEFENDANTS**

19. The settling plaintiffs and defendants have generally refused to disclose the terms of the settlement agreements. However, counsel for plaintiff and defendants stipulated in court on March 8, 2010 that Vernadine Mabry entered into a settlement agreement with Fluor, MMR and McLin, and she was dismissing her claims against them. On March 1, 2010, counsel for Fluor had previously confirmed the settlement agreement of the *Jean Joseph* and *Vernadine Mabry* actions via email to counsel for AISLIC and Starr dated March 1, 2010.

20. Based upon that email of March 1, 2010, and on other representations of counsel, that all claims against all defendants except AISLIC and Starr had settled, AISLIC and Starr file Notice of Removal on March 5, 2010.

21. Plaintiffs filed a Motion for Remand and obtained an expedited hearing on March 5, 2010, due to the trial date of March 8, 2010.

22. Judge Fallon granted the remand motion on the following grounds: In the *Jean Joseph* action, Judge Fallon ruled that AISLIC and Starr had constructive notice of the dismissal of the local defendants by virtue of the dismissal order filed on February 18, 2009. The removal on March 4, 2010 fell outside of the 30 day deadline under §1446 and was untimely. In the *Vernadine Mabry* action, Judge Fallon had doubts that plaintiff had settled her claims: "While there has been an indication that Plaintiff has settled her claims against the local defendants, it is apparent that these parties are not entirely out of the case. Certain cross-claims remain involving

these defendants which will keep them in the case and prevent the Court from exercising diversity jurisdiction over the matter."

23. With the stipulation of settlement and dismissal in state court on March 8, 2010, plaintiff has resolved all claims against the local defendants and she has effectively terminated litigation against them. *See Estate of Martineau v. ARCO Chemical Co*., 203 F. 3d 904, 911 (5th Cir. 2000)("Finally we must ask whether the settlement agreement effectively eliminated Sweeney as a non-diverse defendant and permitted removal. Under *Vasquez*, 'a case may be removed based on any voluntary act of the plaintiff that effectively eliminates the nondiverse defendant from the case.' 56 F.3d at 693.")

24. Starr is entitled therefore to remove the *Vernadine Mabry* case a second time, based upon a change in facts and the stipulation of settlement and dismissal in state court. The court in *Alsup v. 3-Day Blinds*, 435 F. Supp. 2d 838, 842 states:

> [T]he removal statutes permit successive removals of an action, provided an adequate factual basis exists for a later removal. In *Benson v. SI Handling Systems, Inc.,* 188 F.3d 780 (7th Cir.1999), the court stated, "Nothing in [28 U.S.C.] § 1446 forecloses multiple petitions for removal." *Id.* at 782. "[I]f subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice & Procedure § 3739 (3d ed. 1998 & Supp.2005) (collecting cases). See also *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 (5th Cir.1996) ("[A] remand order that expressly addresses the theory of federal jurisdiction does not have [preclusive] effect on subsequent removals based on the same theory, provided that the subsequent removal petitions allege a different factual basis for seeking removal."); *O'Bryan v. Chandler*, 496 F.2d 403, 408-12 (10th Cir.1974) (permitting a second removal pursuant to 28 U.S.C. § 1442 where facts disclosed after the prior remand of the action established the existence of federal subject matter jurisdiction under the statute); *Nicholson v. National Accounts, Inc.*, 106 F.Supp.2d 1269, 1271 (S.D.Ala.2000) (the mere fact that case was previously remanded does not, by itself, automatically preclude a defendant from filing a second notice of removal; the defendant may remove a previously remanded case if subsequent pleadings or events reveal a new and different basis for removal); *One Sylvan Road N. Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60,62-64

(D.Conn.1995) (allowing a second removal of a case in diversity jurisdiction, but finding that the evidence developed in state court after the initial remand failed to show that the jurisdictional amount in controversy was satisfied).

25. Bernard Mabry, III has reached a settlement agreement with AISLIC and Starr as of March 1, 2010. Including this settlement, Bernard Mabry, III has now settled with all defendants in the case.

26. Further, on March 8, 2010, all pending cross-claims and third-party demands between Fluor and McLin, and their insurers, and MMR were severed from trial of the principal demands of the plaintiffs, and the trial of the remaining plaintiffs' claims against AISLIC and Starr were continued until July, 2010. See Order of severance and continuance, attached as "Exhibit C." The presence of cross-claims or third-party defendants, even if non-diverse, do not destroy diversity jurisdiction, because cross-claimants and third-party plaintiffs or defendants are not "adverse" parties for purposes of removal. See *Estate of Martineau v. ARCO Chemical Co.*, 203 F. 3d 904, 912 (5th Cir. 2000); *Zurn Indus., Inc. v. Acton Constr. Co., Inc.*, 847 F.2d 234, 236-37 (5th Cir. 1988); *see also, Thorpe v. Dougherty*, 606 F. Supp. 226 (D.C. Ga. 1985).

**E. COMPLETE DIVERSITY EXISTS AMONG THE REMAINING PARTIES**.

27. As a result of the settlement agreements set forth above, the only remaining viable claims are those of Plaintiffs [Jean Joseph, Mijah Joseph, Ronald Ash, and Vernadine Mabry] against AISLIC and Starr.

28. Jean Joseph, Mijah Joseph, Ronald Ash and Bernard Mabry, III are domiciliaries of Louisiana. Vernadine Mabry is domiciled in Georgia.

29. Defendant, Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company is incorporated in the State of Illinois and its principal place of business is New York.

30. Defendant, Starr Excess Liability Insurance Company, Ltd. is incorporated in the State of Delaware and its principal place of business is New York.

31. Because all plaintiffs are residents and domiciliaries of Louisiana and Georgia and all remaining defendants are residents and domiciliaries of Delaware, Illinois, and New York, complete diversity exists among the parties to the consolidated cases removed herein.

32. While plaintiffs have not specifically pled the amount of damages, it is facially apparent that the amount in controversy in this matter exceeds $75,000, considering the wrongful death claim of Vernadine Mabry.

**F. REMOVAL IS PROPER UNDER 28 U.S.C. §1446**

33. Prior to March 8, 2010 this matter was not removable because the pendency of claims against Louisiana domiciliaries MMR and McLin defeated diversity jurisdiction.

34. By settling with MMR and McLin, plaintiff Vernadine Mabry has taken voluntary action to make the instant matter removable. "[W]here [a] plaintiff by his voluntary act has definitely indicated an intention to discontinue the action as to the non-diverse defendant, [he] has indicated that he no longer desires to dictate the forum and the case then becomes removable." *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593 (M.D.La.1983).

35. This case has become removable pursuant to 28 U.S.C. §1446(b) which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis

> of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.

36. AISLIC and Starr bring the instant removal within 30 days of notice by email (received March 1, 2010) and within 30 days of the stipulation on March 8, 2010 in state court that Vernadine Mabry had settled her claims against MMR and McLin.

37. Under 28 U.S.C. §1446(b), the instant action was commenced when Vernadine Mabry added Starr and AISLIC as defendants, under Louisiana's "Direct Action Statute," in her Second Supplemental and Amending Petition, filed on September 4, 2009, and served on Starr on December 5, 2009. Less than one year has passed since the commencement of suit as to AISLIC and Starr, the sole remaining defendants in this matter.

38. The issue is when the action was "commenced" as to AISLIC and Starr for purposes of the one year deadline in 28 U.S.C. §1446(b). In *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801 (5th Cir. 2006), the Fifth Circuit recently considered when suit was "commenced" for purposes of 28 U.S.C. §1446(b). The Fifth Circuit noted "We agree with the Seventh Circuit that amendments that add a defendant 'commence' the civil action as to the added party." *Id*. at p. 804. See also Transcript of March 5, 2010 Oral Argument, "Exhibit D," at pp. 14-15.

39. The Fifth Circuit concluded that the amendment of the pleadings to add new defendants "opens a new window of removal" under 28 U.S.C. 1446(b). The Fifth Circuit stated:

> That is, if an original complaint is not amended, removal must be determined based only on the law and facts as to removability at the time of filing or receipt of the initial pleading under § 1446(b) 1. <u>If the complaint is amended, however, § 1446(b) 2 provides that the new defendant has a new window to remove as of the date of receipt of service of the amended complaint:</u>

> [I]f the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> 28 U.S.C. § 1446(b). <u>Therefore, as to the new defendant, removability is determined as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court.</u>

*Braud, supra* at p. 805.

40. AISLIC and Starr are new defendants to the instant case. The Fifth Circuit unequivocally interpreted the term "commence" as found in 28 U.S.C. §1446(b) to mean the date of service of the amended complaint on "new defendants." There is no other way to interpret the language above, which specifically references 28 U.S.C. §1446(b). Thus, as to AISLIC and Starr, removability under 28 U.S.C. § 1446(b) is governed "as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court."

41. The plaintiffs "opened the window" for removal by stipulating to the settlement with the sole non-diverse defendants in the case on March 8, 2010. The removal of AISLIC and Starr, filed less than one year from April 27, 2009 and within the thirty day window for "after acquired" eligibility for removal is timely under 28 U.S.C. § 1446(b).

**<u>G. CONSENT NEED NOT BE OBTAINED FROM SETTLING DEFENDANTS</u>**

42. As set forth above, all parties except AISLIC and Starr have entered into settlement agreements with Jean Joseph, Mijah Joseph, Ronald Ash and Vernadine Mabry.

43. Because they have entered into settlement agreements with plaintiffs, the settling defendants (Fluor, MMR, Maytag, McLin, Liberty Mutual, Westchester, and Great American

E&S, and Great American) should be considered "nominal defendants" from whom no consent to removal is required.

44. In *Acosta v. Master Maintenance and Constr., Inc.,* 52 F.Supp.2d 699 (M.D. La., 1999), the district court held:

> The consent of a nominal defendant is not required for removal. The test set out by the Fifth Circuit for whether a defendant is a nominal defendant is "whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff". <u>Defendants who have settled are nominal defendants whose consent to removal is unnecessary.</u>

45. The district court's opinion was appealed, and in *Acosta v. Acosta v. Master Maintenance and Const. Inc*., 452 F.3d 373, 376-77 (5th Cir. 2006), the Fifth Circuit affirmed the district court and held that that a removing party need not obtain written consent to removal from parties that had reached settlement agreements with plaintiffs:

> Whether a party is "nominal" for removal purposes depends on "whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Tri-Cities Newspapers, Inc*., 427 F.2d at 327. We are satisfied that the severance of the LIG defendants, voluntarily requested by Appellants based on their agreement to settle and dismiss all claims against those defendants, would enable the court to reach a final judgment "consistent with equity and good conscience" and fair to Appellants. Thus, even assuming unanimity is required, it is satisfied.

46. Fluor, McLin, MMR, Maytag, CCI and their several insurers have settled all claims with plaintiffs. Upon information and belief, plaintiffs have been thoroughly compensated by these defendants and proceeding without them would not work any prejudice on plaintiffs or settled defendants. Furthermore, by settling with these defendants, plaintiffs have indicated an intention to discontinue the action against these defendants.

47. AISLIC and Starr are the sole remaining parties that have not reached settlement agreements with plaintiffs. AISLIC and Starr properly bring this removal as the last substantive defendants remaining in this matter.

48. AISLIC and Starr have specifically asked for copies of the settlement agreements addressed herein. On each occasion, the parties have cited the confidentiality of the settlements and refused to produce them.

49. To the extent that plaintiffs or any of the other defendants contend that settlements have not been reached in this matter, AISLIC and Starr move the Court to grant a brief period of discovery to ascertain whether any of the defendants in this case have not settled as set forth herein.

## CONCLUSION

50. Removal is authorized by 28 U.S.C. §1441, and is based on the United States District Court's original jurisdiction of the case pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the plaintiff Vernadine Mabry and defendants Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company ("AISLIC") and Starr Excess Liability Insurance Company, Ltd. ("Starr").

51. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal will be filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, and copies will be served on all parties.

52. Pursuant to 28 U.S.C. 1446(a), AISLIC and Starr attach hereto copies Motion and Incorporated Second Supplemental and Amending Petition of Vernadine Mabry, which are the pleadings, process, and orders, served upon AISLIC and Starr.

53.     The record in this matter is voluminous.  AISLIC and Starr are having the record scanned and will move the Court for permission to submit the entire record in PDF format via CD-ROM.

WHEREFORE, defendants, Chartis Specialty Insurance Company f/k/a American International Specialty Lines Insurance Company ("AISLIC") and Starr Excess Liability Insurance Company, Ltd. ("Starr"), respectfully remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Court

Dated:  March 30, 2010

Respectfully submitted,

/S/ ISAAC H. RYAN
Robert E. Kerrigan, Jr. (#7350)
Isaac H. Ryan (#23925)
Deutsch, Kerrigan & Stiles, LLP
755 Magazine St.
New Orleans, LA  70130
Tel:  (504) 593-0619
Fax: (504) 566-4019

And

Jerry L. Saporito (#11717)
Amanda W. Vonderhaar (#31350)
Leake & Andersson, LLP
1700 Energy Center
1100 Poydras Ave.
New Orleans, LA 70163
Tel:  (504) 585-7500
Fax: (504) 585-7775

Counsel for Chartis Specialty Insurance Company
and Starr Excess Liability Insurance Company, Ltd.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above Notice of Removal was served on all counsel of record by Email and/or placing same in the United States mail, properly addressed and postage prepaid, this 30th day of March, 2010.

Kenneth H. Hooks, Esq.
Dodson, Hooks & Frederick
17405 Perkins Rd.
Baton Rouge, LA 70810

William S. Neblett, Esq.
Neblett, Beard & Arsenault
2220 Bonaventure Court
Alexandria, LA 71309

Stephen Bruno, Esq.
Bruno & Bruno
855 Baronne Street
New Orleans, LA 70113

Keith O. Ainsworth, Esq.
Jones Walker
8555 United Plaza Blvd.
Four United Plaza 5th Floor
Baton, Rouge, LA 70809-7000

Robert Bonnaffons, Esq.
Adams & Reese
4500 One Shell Square
New Orleans, LA 70139

Terry Christovich, Esq.
Christovich & Kearney
601 Poydras Street
Suite 2300
New Orleans, LA 70130-6078

H. Minor Pipes, Esq.
Barrasso, Usdin, Kupperman, et al.
909 Poydras Street
Suite 2400
New Orleans, LA 70112

Nora Bolling Bilbro, Esq.
Phelps Dunbar, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534

Robert J. Young, III, Esq.
Young, Richaud & Myers, LLC
Two Lakeway Center
3850 N. Causeway Blvd., Suite 1830
Metairie, LA 70002-8184


                /S/ ISAAC H. RYAN