# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VERNADINE MABRY, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER 10-1006** |
| **FLUOR CORPORATION, ET AL.** | * | **SECTION "L" (5)** |

## ORDER & REASONS

### I.  BACKGROUND

This case arises out of a fire that occurred in a FEMA trailer on August 25, 2006, in New Orleans, Louisiana.  During the fire, Bernard Mabry, Jr. was injured.  Mr. Mabry passed away 21 days after the fire.  Subsequently, Mr. Mabry's widow, Vernadine Mabry, filed the instant lawsuit.  Thereafter, that case was consolidated with two related cases for trial in state court and the trial was scheduled for March 8, 2010.  These related cases involved injuries to other individuals who were located in the same FEMA trailer at the time of the fire.  The facts upon which the separate but consolidated cases are based are extremely similar and even involve intertwining issues of comparative fault.

Named as defendants in these consolidated lawsuits, through various amended pleadings, are Fleetwood Enterprises, Inc., Maytag Corp., Fluor Enterprises, Inc., and MMR Constructors, Inc. ("MMR"), Keith McLin, Gibraltar, Concert Company, Inc. d/b/a CCI Controls, Inc. ("CCI"), Great American Insurance Company ("GAIC"), Chartris Specialty Insurance Company, formerly known as American International Specialty Lines Insurance Company ("AISLIC"), and Starr Excess Liability Insurance Company, Ltd. ("Starr").  AISLIC and Starr, who have removed

this case, were added to this lawsuit via a Second Supplemental and Amending Petition on September 4, 2009. Additionally, the Court notes that MMR and Keith McLin were the only local defendants named in these cases.

This is the fourth time that this case has been removed, and it has been remanded on all three previous occasions. The most recent removal occurred on March 5, 2010, the last working day before the trial was scheduled to begin. The case, along with the other two related cases that were set for trial in state court, was reassigned to this section in mid-afternoon on the same date. Immediately thereafter, Plaintiff filed a motion to remand in which they argued that this court lacked diversity jurisdiction over this case because cross claims and counter claims remained involving local defendants. Additionally, they argued that the removal was not timely. According to AISLIC and Starr, all other defendants, including the local defendants, had settled at that time. AISLIC and Starr further asserted that they were first notified of the settlement between Vernadine Mabry and the local defendants on March 1, 2010, via email.

On March 5, 2010, the Court remanded the case for a consolidated trial, finding that doubts remained about the jurisdictional basis of this case. As the Court explained, "it is apparent that the [local defendants] are not entirely out of the case. Certain cross claims remain involving these defendants which will keep them in the case and prevent the Court from exercising diversity jurisdiction over the matter." *Mabry v. Fluor Corp.*, Case No. 10-801, 2010 WL 890965, at *2 (E.D. La. Mar. 8, 2010).

After remand, the state court continued the trial date. On March 30, 2010, AISLIC and Starr again removed this case and the case was subsequently transferred to this section. They based this removal on a stipulation that was made on the record in state court on March 8, 2010, wherein counsel stated that Plaintiff's claims against the local defendants had been settled.

Thereafter, Plaintiff's filed the instant Motion to Remand. In their Motion, Plaintiff argues that nothing has changed in any material way since this case was last remanded and that cross-claims involving local defendants, although severed, still remain in the case. Additionally, Plaintiffs move for "harsh santions . . . against this recalcitrant defendant as it actually removed the case on the last occasion and this Honorable Court remanded the case on an expedited basis for the IDENTICAL reasons for which the case is removed yet again."

## II.     LAW & ANALYSIS

A motion to remand must be granted "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Generally, the burden of proving that a federal court has subject matter jurisdiction falls upon the removing party. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). The Fifth Circuit has explained that the removal statute should be strictly construed. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2009). Any doubt concerning the basis of jurisdiction should be resolved in favor of remand. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). Starr and AISLIC, the removing Defendants, assert that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, which provides that district courts have original jurisdiction over any case in which there exists complete diversity of citizenship and the amount in controversy exceeds $75,000. AISLIC and Starr argue that because the Plaintiff in this case has settled her claims against the local defendants, diversity of citizenship now exists and removal was appropriate.

It does not appear to this Court that any material change has occurred in this case since it was last remanded. Although the cross-claims have now been severed, they remain a part of this case. Further, the local defendants have not actually been dismissed from the lawsuit. The

stipulation on the record in state court did nothing more than confirm what Starr and Aislic already knew. It did not dismiss the local defendants, nor did it address any cross-claims. Thus, the status of this case appears to be the same, and accordingly the case must be remanded for the fourth time.

Furthermore, considerations of fairness and judicial efficiency clearly favor remand in this case. As the Fifth Circuit has clearly stated:

> To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit. The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. The forum for a suit ought to be settled at some time early in the litigation.

*Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). This case has been pending in state court for more than three years, and the parties have indicated that they are prepared to try this case in July. The unfairness of removal at such a late stage would clearly be unfair to the Plaintiff in this case. Moreover, the issues in this case are so related to issues in the cases which were previously consolidated in state court that allowing removal here would be inappropriate. As Plaintiff pointed out at oral argument, the jury in each case will be asked to apportion fault between the various Defendants and the Plaintiffs, whose alleged comparative fault may have contributed to the various injuries. Allowing removal at this late stage could lead to inconsistent results, would clearly be a serious drain on judicial resources, and would be tremendously unfair to the Plaintiff in this case.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand (Rec. Doc. 5) IS GRANTED. IT IS FURTHER ORDERED that the above captioned matter be REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 1st day of June, 2010.

                                                U.S. DISTRICT JUDGE